UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Civil Division

| | |
|---|---|
| DORA L. ADKINS<br><br>    Plaintiff<br><br>v.<br><br>STARBUCKS CORPORATION<br><br>    Defendant | Case No. 1:20-cv-01409-AJT/TCB |

**DEFENDANT STARBUCKS CORPORATION'S
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S
COMPLAINT**

**COMES NOW** Defendant, STARBUCKS CORPORATION (hereinafter "Starbucks" or "Defendant"), by and through its undersigned counsel, KIERNAN TREBACH LLP, and hereby files its Memorandum in Support of Motion to Dismiss the Complaint of Dora Adkins, pro se, (hereinafter "Plaintiff"), for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), 28 U.S.C. §1915, and in support thereof states as follows:

**FACTUAL BACKGROUND**

This case against Defendant Starbucks Corporation was filed by *pro se* Plaintiff, Ms. Dora L. Adkins, on December 28, 2020.  A review of the docket indicates that this is at least the 10th time Plaintiff has brought suit in the Eastern District of Virginia. She filed another case against the Hyatt Corporation on the same day as this matter.  (See 1:20cv01410, *Dora L. Adkins v Hyatt Corporation*). Plaintiff is a well-known and vexatious litigant in the Commonwealth of Virginia.  *Adkins v. CP/IPERS Arlington Hotel, LLC*, 293 Va. 446 (2017).   Undersigned counsel's firm has represented various clients in

1

suits brought by Ms. Adkins on no less than five prior occasions, including one against Chipotle Mexican Grill, Inc. in 2019 with almost identical facts alleged by Plaintiff against this Defendant (*Adkins v. Chipotle Mexican Grill, Inc.* Circuit Court of Prince William County, CL 19003708-00). In fact, Plaintiff has filed at least forty one (41) pro se civil actions in the circuit courts of Northern Virginia, including twenty (20) cases in the Circuit Court of Fairfax County, seventeen (17) cases in the Circuit Court of the City of Alexandria, and four (4) cases in the Circuit Court of Arlington County. *Id.* at 448. Her repeated filings and multiple motions are a drain on the Court's judicial time and resources.

The Virginia Supreme Court found that Plaintiff has a pattern of filing frivolous lawsuits against businesses in Virginia. *Id.* at 446. "Adkins' complaints contain baseless allegations predicated on her belief that she is being intentionally subjected to noxious fumes, poisoned by food she consumes at restaurants, and defrauded by various retail workers and hotel proprietors." *Id.* at 447-448. Plaintiff has unduly burdened opposing litigants and interfered with the administration of justice. *Id.* at 451. The Virginia Supreme Court didn't review the federal court filings by Plaintiff in its decisions.

In this instance, Plaintiff has filed a Complaint for "Intentional Infliction of Emotional Distress and Claim for Punitive Damages", against Starbucks Corporation, alleging that on every time on the multiple occasions food she consumed at various Starbucks locations in Northern Virginia she became sick. She also alleges supposed actions on the employees' part at various restaurants that supposedly do not live up to a standard of cleanliness, but fails to cite any support, statute or standard to show what the standard is in that instance. She claims she got "food poisoning" two hundred and fifty

2

times at different Starbucks locations, including such symptoms as nausea, stomachache, saliva thickening, and causing her stomach to itch among other illnesses.  Plaintiff alleges Intentional Infliction of Emotional Distress and a Claim for Punitive Damages against this Defendant.  These claims are nearly identical to all other of her lawsuits filed in state and federal courts.

Plaintiff's Complaint fails to state a claim for relief and is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) and 28 USC §1915.

## ARGUMENT

### I. Plaintiff's Fails to State A Claim Upon Which Relief Can Be Granted.

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Although federal courts hold *pro se* pleadings to "less stringent standards than formal pleadings drafted by lawyers," *Jones v. HCA*, 16 F.Supp. 3d 622, 628 (E.D. Va. 2014), this does not excuse "a clear failure in the pleading to allege a federally cognizable claim." *Boykin v. Virginia,* 2015 WL 5020896, *4 (*citing Weller v. Dep't of Soc. Servs*., 901 F.2d 387 (4th Cir. 1990)).  "The liberal constructions which [courts] are obliged to afford to a pro se complain is not without bounds. . . [T]he principle of liberal construction does not require [courts] to 'conjure up questions never presented to them. . .[or] construct full-blown claims from sentence fragments.'"  *Stratton v. Mecklenburg County Dep't of Soc. Servs.,* 521 F. App.3 278, 290-91 (4th Cir. 2013) (*quoting Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985)).  While a pro se complaint may be afforded "special judicial solicitude," this Court is not required to recognize "obscure or extravagant claims."  *Weller v. Dep't of Soc. Servs.* 901 F.2d 387, 390-91 (4th Cir. 1990) (citations omitted).

The Complaint fails to meet threshold pleading obligations. The 152 page Complaint and attachments cobble together irrelevant, disparate, and incomprehensible allegations of various times Plaintiff went to Starbucks, saw unsanitary conditions or employees smoking, and other times when she went to Starbucks and got sick after eating. Plaintiff then also claims punitive damages. This leads to Plaintiff alleging Intentional Infliction of Emotional Distress, and Punitive Damages. Plaintiff Adkins' Complaint must be dismissed.

### A.    Plaintiff's Claim Fails to State a Claim For Intentional Infliction of Emotional Distress.

Plaintiff fails to allege sufficient facts to support a claim for Intentional Infliction of Emotional Distress in the scenarios she describes.

To state a claim for Intentional Infliction of Emotional Distress under Virginia law, a plaintiff must "plead factual allegations tending to show that: (1) the wrongdoer's conduct was intentional or reckless; (2) that his conduct was outrageous and intolerable, offending the generally accepted standards of decency and morality; (3) that there is a causal connection between the conduct and the emotional distress; and (4) that the resulting emotional distress was severe." *Ortiz v. Panera Bread Co.*, 2011 WL 3353432, *6 (E.D. Va. Aug. 2, 2011) (*citing Womack v. Eldridge*, 210 S.E.2d 145, 148 (Va. 1974)); *see Ogunde v. Prison Health Servs. Inc.*, 645 S.E.2d 520, 526-27 (Va. 2007) (complaint must allege conduct that is so intolerable or outrageous as to offend generally accepted standards of decency and morality). The conduct at issue must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Harris v.*

*Kreutzer,* 624 S.E.2d 24, 33-34 (Va. 2006) (citations omitted); *accord Lucas v. Henrico County Sch. Bd*. 822 F. Supp. 2d 589, 608 (E.D. Va. 2011). "It is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery[.]" *Womack* 210 S.E.2d at 148. This element "cannot be satisfied by [merely] alleging that the defendant's behavior was tortious, or even criminal." *Ortiz,* 2011 WL 3353432, at *6.

Plaintiff alleges that Starbucks partners (employees) made her food on multiple instances after handling other items. See Complaint p. 4, 5, 6. In fact, Plaintiff alleges on page 5 that every time she eats at Starbucks, she was made ill by the actions of the Starbucks' (sic) employees. In paragraph 3, on p. 7, she alleges that Starbucks "premeditated this crime" because it occurs on every Starbucks visit. The allegations in paragraph 5, subsections (a) through (l) (Pages 9-10 of the Complaint), allegedly detail the actions of Starbucks partners (employees) which form the basis of her claim for Intentional Infliction of Emotional Distress. Plaintiff further alleges that "GOD" has been involved in assisting her to identify when her food is "poisoned" (Complaint ¶¶1,2,5).

Plaintiff's conclusory assertion that Starbucks Corporation and its partners engaged in "extreme and outrageous" conduct is insufficient to avoid dismissal under *Iqbal,* 556 U.S. at 678. Plaintiff's allegations are that Starbucks partners did not change their gloves before placing her food in the oven, did not wash their hands between food preparation of different customers, and handled money and cups without changing their gloves. (Complaint ¶5.) None of these assertions rise to the level of extreme and outrageous conduct to support a claim of Intentional Infliction of Emotional Distress. *See Hammond v. Morely,* 2011 WL 2681231, *4 (E.D. Va. Jul. 8, 2011) (alleged assault, use of excessive

force and wrongful arrest by police officers not sufficiently outrageous to support a claim of Intentional Infliction of Emotional Distress); *Harris*, 624 S.E. 2d at 32-33 (allegations that doctor performing independent medical examination verbally abused brain injured plaintiff, raised his voice and accused her of putting on a show and was a "faker and malingerer" causing her to break down in tears, insufficient to maintain a claim).

Plaintiff's claims perhaps account for violations of health codes at most, and many are conclusory allegations without factual support (she believes employees switched to make her sandwich (Complaint p.5). But the Complaint does not identify any conduct that was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Harris*, 624 S.E.2d at 33-34.

It is worth referring to the *Adkins* matter, where the Virginia Supreme Court noted:

> In the 41-cases the Petitioner filed in the [Virginia] Circuit Courts involving claims of approximately 329 Physical Injuries and approximately 41 Intentional Infliction of Emotional Distress Injuries; some deadly physical injuries included the following: Brain and/or head injuries; Bacterial Infections; Food poisoning;…

*Adkins v. CP/IOERS Arlington Hotel LLC*, 293 Va. 446 at 453-454 (2017).

These allegations have been made by Plaintiff against multiple other Defendants in multiple other suits. Indeed, a review of just some of the cases filed by Plaintiff in the Eastern District of Virginia show virtually identical claims. *See Dora Adkins v. Hyatt Corp.* 1:20-cv-01410, *Dora Adkins v. Dulles Hotel Corp.*, 1:20-cv-00361, *Dora Adkins v. Whole Foods Market Group, Inc.* 1:17-cv-01023, *Dora Adkins v. Whole Foods Market Group, Inc.* 1:16-cv-31.

6

### B.  Plaintiff's Complaint fails to set forth sufficient facts to support a claim for punitive damages.

In Virginia, only conduct "which is so willful or wanton as to evince a conscious disregard of the rights of others, as well as malicious conduct, will support an award of punitive damages in a person injury case." *Booth v. Robertson,* 236 Va. 269, 273, 374 S.E.2d 1, 3 (1988). Willful and wanton conduct is defined as "action undertaken in conscious disregard of another's rights, or with reckless indifference to consequences with the defendant aware, from his knowledge of existing circumstances and conditions, that his conduct would probably cause injury to another." *Woods v. Mendez,* 265 Va. 68, 76-77, 574 S.E.2d 263, 268 (2003). A court is not permitted to enter judgment on facts not alleged in the plaintiff's pleadings. *Jenkins v. Bay House Assoc.*, 266 Va. 39, 43, 581 S.E.2d 510, 512 (2003). Simply alleging that a defendant's actions were "wanton, reckless and in conscious and willful disregard of the safety and rights of others" without sufficient factual allegations will not withstand a demurrer to a claim for punitive damages. *See ICM Enter. v. 1425 East Cary Street Assoc.,* 64 Va. Cir. 237 (Richmond Cir. Ct. 2004) (holding that although plaintiff had stated the necessary elements of a claim for punitive damages, the allegations were "without facts to support them and [were] merely conclusory.").

Plaintiff's allegations for the most part are nonsensical, and certainly do not meet the standard that would give rise to permitting a punitive damages claim to go forward.

### II.  Plaintiff's Complaint Should be Dismissed Per 28 U.S.C. §1915

Plaintiff has sought and received *in forma pauperis* ("IFP") status in this action permitting her to proceed with her claim without the prepayment of fees given her current hardships. While 28 U.S.C. § 1915(a) provides Plaintiff with the ability to proceed with her claim despite her asserted financial hardships, it also safeguards the Court's docket by

permitting a *sua sponte* review of an IFP plaintiff's complaint for dismissal if the complaint is determined to be frivolous, malicious, or that the complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Given all of the reasons asserted above, specifically that Plaintiff has asserted the exact same baseless claims against two (2) grocery store chains and countless other service industry companies, the subject Complaint should be deemed frivolous, malicious, and failing to state a claim, and should be dismissed with prejudice pursuant to the Court's safeguard in 28 U.S.C. §1915(e)(2)(B).

## CONCLUSION

Plaintiff is a repeat and vexatious litigant who has caused businesses around the Commonwealth to expend significant time and costs in defending frivolous and baseless suits. Of these multiple suits, not one has been shown to have merit. The same is true in this instance as well. Plaintiff has merely set her sights on a new Defendant with the same allegations as in multiple prior suits. Such frivolous suits are a drain on this Court's precious judicial resources and time and therefore should not be permitted.

WHEREFORE, Defendant Starbucks Corporation, by counsel, contends that the Complaint should be barred and should be dismissed because it fails to state a cause of action upon which relief may be granted, and fails to clearly inform Defendant of the true nature of the claims against it. Defendant respectfully requests that this Court enter an order dismissing the Complaint with prejudice, without leave to amend, and enter judgment in favor of the Defendant allowing costs expended on its behalf.

Respectfully submitted,

**KIERNAN TREBACH, LLP**

*/s/ Felicity A. McGrath*
Felicity McGrath, Esq. (#41708)
1233 20th Street, NW, Suite 800
Washington, DC 20036
(202) 712-7000
(202) 712-7100 (facsimile)
fmcgrath@kiernantrebach.com
**Counsel for Defendant**
**Starbucks Corporation**

**Pursuant to Local Rule 7(K) Please Note the Following**

(1) The *pro se* party is entitled to file a response opposing the motion and that any such response must be filed within twenty-one (21) days of the date on which the dispositive or partially dispositive motion is filed; and

(2) The Court could dismiss the action on the basis of the moving party's papers if the *pro se* party does not file a response; and

(3) The *pro se* party must identify all facts stated by the moving party with which the *pro se* party disagrees and must set forth the *pro se* party's version of the facts by offering affidavits (written statements signed before a notary public and under oath) or by filing sworn statements (bearing a certificate that it is signed under penalty of perjury); and

(4) The *pro se* party is also entitled to file a legal brief in opposition to the one filed by the moving party.

**This notice is made consistent with the requirements of** *Roseboro v. Garrison*, **528 F.2d 309 (4th Cir. 1975).**

*Felicity A. McGrath #41708*
Felicity A. McGrath


**CERTIFICATE OF SERVICE**

I hereby certify that on January 19, 2021, a true and accurate copy of the foregoing Motion to Dismiss was served *via* U.S. Mail upon:

Dora L. Adkins, pro se
doraadkins7@aol.com
P.O. Box 3825
Merrifield, VA 22116

*/s/ Felicity A. McGrath*
Felicity A. McGrath #41708